UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CLYDE MORGAN and KARA
MORGAN,

       Plaintiffs,

v.                                                              Case No.  2:11-CV-85

SUN TRUST MORTGAGE, TROTT &               HON. GORDON J. QUIST
TROTT, P.C., TRANS UNION,
EXPERIAN, EQUIFAX, and
COLDWELL BANKER SCHMIDT
REALTORS,

       Defendants.
_____/

## OPINION

      Plaintiffs, Clyde and Kara Morgan, commenced this action against Defendants, Sun Trust Mortgage, Trott & Trott, P.C., Trans Union, Experian, Equifax, and Coldwell Banker Schmidt Realtors, on June 24, 2010, in Marquette County Circuit Court, alleging only state law claims. On or about September 20, 2010, Plaintiffs filed an Amended Complaint which added a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The Defendant credit reporting agencies removed the action to this Court based upon federal question jurisdiction due to the FCRA claim. After dismissing all three Defendant credit reporting agencies, and operating under the assumption that the FCRA was no longer implicated, the Court remanded the matter to State court. The matter has once again been removed on the basis of federal question jurisdiction because, as it turns out, the FCRA claim was also directed at Sun Trust even though it was found under the heading entitled "Trans Union, Experian, and Equifax." On May 12, 2011, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, Defendant Trott & Trott filed a Motion for Summary

Judgment/Dismissal. Plaintiffs failed to file a response to the motion within the time prescribed by W.D. Mich. L. Civ. R. 7.2(c). For the reasons set forth below, the Court will grant summary judgment in favor of Trott & Trott.

## MOTION STANDARD

Although Trott & Trott seeks relief under both Rules 12(b)(6) and 56, the Court will analyze the motion under the summary judgment standard.[1] Under Fed. R. Civ. P. 56(a), summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

As noted above, Plaintiffs have failed to respond to Trott & Trott's motion within the time prescribed by LCivR 7.2(c). The Sixth Circuit has held that under these circumstances,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). *See also Guarino v. Brookfield Twp. Trs.*, 980

---

[1] In so doing, the Court is not "converting" the motion into one for summary judgment under Rule 12(d). *In re Trade Partners, Inc. Investors Litig.*, No. 1:07-MC-1846, 2008 WL 3875396, at *2 n.3 (W.D. Mich. Aug. 15, 2008). Even if it were, the Court notes that because Trott & Trott filed the motion as both a motion to dismiss and a motion for summary judgment, Plaintiffs had notice that the Court may resolve the issues under the summary judgment standard. *Id.*

F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded, a court's reliance on facts advanced by the movant is proper and sufficient).  Having reviewed Trott & Trott's motion, brief, and supporting materials, the Court concludes that Trott & Trott has met its burden of demonstrating its entitlement to summary judgment.

## DISCUSSION

Trott & Trott is a law firm which was hired by Sun Trust, the mortgagee on Plaintiffs' real property, to represent Sun Trust in the foreclosure proceedings.  Shortly after receiving the referral for foreclosure, Trott & Trott requested title work and subsequently drafted and sent for publication the notice of default and intent to foreclose required by M.C.L. § 600.3205a(4).  The title work, which was dated October 14, 2009, did not show that the mortgage had been discharged. (Trott & Trott's Mot. for Summ. J. Ex. C.)  In fact, the mortgage had been discharged as of October 7, 2009, but the discharge was not recorded until October 16, 2009. (*Id.* Ex. E.)  After the publication was made, Plaintiffs contacted Trott & Trott, demanding a retraction.  After consulting Sun Trust, Trott & Trott published a retraction in the same newspaper in which it had published the original notice of default.

In the Amended Complaint, Plaintiffs allege that Trott & Trott owed them a duty to investigate the status of the mortgage prior to publishing the notice of default, and breached that duty by failing to conduct even a simple online search of the Marquette County Register of Deeds, which, Plaintiffs allege, would have revealed that the mortgage had been discharged, thereby causing them injury and damages. (*Id.* Ex. B ¶¶ 25-27.)  Trott & Trott contends that its duty ran to its client – Suntrust – not to Plaintiffs, whose interests were directly adverse to those of Sun Trust, and that even if it did owe Plaintiffs a duty to investigate by reviewing the records at the local register of deeds, it did so.  The Court agrees with Trott & Trott as to both points.

3

There is no factual dispute that Trott & Trott had an attorney-client relationship with Sun Trust, not with Plaintiffs. Under Michigan law, an attorney owes no duty of care to his client's adversary in litigation because such a duty would be "inconsistent with the basic precepts of the adversary system." *Friedman v. Dozorc*, 412 Mich. 1, 23, 312 N.W.2d 585, 591 (1981). Not only would a duty in favor of the adversary create a conflict of interest, but "the attorney's justifiable concern with being sued for negligence would detrimentally interfere with the attorney-client relationship." *Id.* at 24-25, 312 N.W.2d at 592. This conflict is no different where, as here, the lawyer represents a mortgagee in the adversarial context of foreclosure proceedings. *See Mercer v. Jaffe, Snider, Raitt and Heuer, P.C.*, 713 F. Supp. 1019, 1029 (W.D. Mich. 1989) (applying the *Friedman* holding – that an attorney owes no duty to his client's litigation adversary – to a lawyer who represents a client in the "potentially adversary context of an arm's length business transaction").

"[I]t is a rare circumstance that will permit an attorney's actions affecting a nonclient to give rise to a legitimate suit by a third party." *Hamilton v. Bank One Nat'l Ass'n*, No. 265062, 2006 WL 1084397, at *3 (Mich. Ct. App. Apr. 25, 2006) (citing *Beaty v. Hertzberg & Golden, PC*, 456 Mich. 247, 253-254, 571 N.W.2d 716, 720 (1997)). To properly allege such a claim, Plaintiffs would have to show that a "special relationship" existed between themselves and Sun Trust "such that their interests were merged, thus eliminating the potential for a conflict of interest." *Id.* Because their interests were directly adverse, however, Plaintiffs cannot demonstrate such a relationship. *See id.* (finding that the plaintiff homeowners could not demonstrate a special relationship with the bank alleged to have wrongfully foreclosed because their interests were directly adverse). Therefore, the Court finds that Trott & Trott has established entitlement to summary judgment in its favor because its duty ran to its client, not to Plaintiffs.

In the alternative, the Court finds that even if Trott & Trott owed a legal duty to Plaintiffs to investigate by searching the Marquette County Register of Deeds prior to publishing the notice of default, contrary to the allegations in the Amended Complaint, Trott & Trott did so and no discharge was revealed. (Trott & Trott's Mot. for Summ. J. Ex. C and E.) Thus, Plaintiffs also have not demonstrated breach.

For this same reason, to the extent Plaintiffs assert a separate claim against Trott & Trott for defamation, the Court finds that Trott & Trott has demonstrated its entitlement to summary judgment as to that claim as well. In Michigan, defamation requires

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amount to *at least negligence* on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 422 (2005) (emphasis added). Because Trott & Trott did investigate prior to publishing the notice of default and found no evidence of discharge, Trott & Trott has established that they were not negligent in publishing the notice, and therefore, did not possess the requisite fault for defamation.

Finally, to the extent the Amended Complaint can be construed as asserting a claim against Trott & Trott under the Michigan Consumer Protection Act ("MCPA"), which prohibits unfair acts in the "conduct of trade or commerce," M.C.L. § 445.903(1), the actions for which Plaintiffs seek relief do not fall within the statute's reach. *See William L. Comer Family Equity Pure Trust v. Thomas & Jensen, P.C.*, No. 186676, 1997 WL 33353233, at *3-4 (Mich. Ct. App. Apr. 25, 2007) (explaining that where the claim is an attack on an attorney's performance of legal services, as opposed to one relating to the "entrepreneurial, commercial, or business aspect of the practice," it does not fall within the MCPA's orbit); *see also Nelson v. Ho*, 222 Mich. App. 74, 83, 564 N.W.2d 482, 486 (1997) ("[O]nly allegations of unfair, unconscionable, or deceptive methods, acts, or

practices in the conduct of the entrepreneurial, commercial, or business aspect of a physician's practice may be brought under the MCPA. Allegations that concern misconduct in the actual performance of medical services or the actual practice of medicine would be improper.").

Trott & Trott raises other arguments in support of summary judgment, but because the Court has already concluded that it is entitled to the relief it seeks, the Court need not address them.

## CONCLUSION

For the foregoing reasons, Trott & Trott's unopposed Motion for Summary Judgment/Dismissal will be granted.

A separate Order will issue.


Dated: July 5, 2011                                             /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE